CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 14, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ M. Poff**
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CALEB BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00031 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER LIGHT, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

Plaintiff Caleb Blankenship, proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against Defendants Officer Light and Officer Bowman. (*See* ECF No. 1.) Plaintiff alleges that, while he was housed at Duffield Regional Jail, Officer Light "kept looking [at] [him] an[d] calling [him] a pussy," and that the entire pod could hear. (*Id.* at 2.) This matter is now before the court for review under 28 U.S.C. § 1915A.

**I.**

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, when a party, like Plaintiff, has requested permission to proceed *in forma pauperis*, the court must dismiss a case upon determining that the action "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." *Id.* ¶ 1915(e)(2)(B).

## II.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations," and a § 1983 claim "requires allegations about each defendant's personal involvement." *Thomas v. McFadden*, No. 3:24-CV-00716-KDB-SCR, 2025 WL 2711603, at *4 (W.D.N.C. Sept. 23, 2025) (citing *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)). Since there are no allegations concerning Officer Bowman's involvement in the violation of any other of Plaintiff's constitutional rights, Plaintiff has not stated a claim for relief against him.

And although Plaintiff describes the personal conduct of Officer Light, he has not stated a plausible § 1983 claim against him either. Plaintiff claims that Light was "abusing" him by calling him a derogatory term in front of other inmates. However, he does not allege whether he was a pretrial detainee or a convicted prisoner at the time of the alleged harassment. If he was a convicted prisoner, his claims arise under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[.]") (citations omitted). "In its prohibition of 'cruel and unusual punishments,'

the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1 (1992)). "[A]llegations of sexual abuse can amount to an Eighth Amendment violation." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (citations omitted). But the Fourth Circuit has held that, "although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual threats." *Id.* (quoting *Austing v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)); *see also Morva v. Johnson*, No. 7:09-CV-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) ("When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation.").

In *Jackson v. Holley*, the Fourth Circuit found that the defendant's actions in sending the plaintiff a "sexually explicit and lurid" letter, posing seductively before the plaintiff and whispering sexually explicit words to him, and planting her groin area in the plaintiff's face while he was seated for a haircut did not amount to an Eighth Amendment violation. 666 F. App'x at 244. And since *Jackson*, district courts in this circuit have repeatedly held that, while inappropriate and unprofessional, allegations consisting of only verbal abuse or harassment by corrections officers do not rise to the level of a constitutional violation. *See, e.g.*, *Bishop v. Lambert*, No. 7:22CV00614, 2023 WL 1466621, at *3 (W.D. Va. Feb. 2, 2023) (prison official watching inmate urinate once and using profanity about it was not sufficiently severe to state an Eighth Amendment claim); *Bivens v. Boyd*, No. CV92204553SALMHC, 2023 WL 6542259, at *2 (D.S.C. Mar. 22, 2023) (finding single incident where prison official looked at and

commented on inmate's genitalia while he was showering, "although certainly not to be condoned if true, fails to rise to the level of a constitutional violation"), *report and recommendation adopted*, No. 9:22-CV-4553-SAL, 2023 WL 6540905 (D.S.C. Oct. 6, 2023); *Wright v. McCowan*, No. 7:19CV00580, 2021 WL 69154, at *2 (W.D. Va. Jan. 8, 2021) (plaintiff failed to state an Eighth Amendment claim against corrections officer who made multiple sexually charged statements to him because "verbal harassment or verbal abuse by prison officials in and of itself does not state a constitutional deprivation under § 1983"); *Johnson v. Mays*, No. 7:22-CV-00342, 2024 WL 4112658, at *5 (W.D. Va. Sept. 6, 2024) (harassing comments made to female inmate over months' long period was insufficient to state an Eighth Amendment claim), *appeal dismissed*, No. 24-7047, 2025 WL 2375355 (4th Cir. Aug. 15, 2025). So too here. Plaintiff's allegations which concern only an isolated verbal comment do not amount to a violation of the Eighth Amendment by Officer Light.

If Plaintiff was a pretrial detainee at the time of Light's conduct, his claims are governed by the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Rush v. Bryant*, No. 2:18-CV-00364, 2021 WL 1608345, at *3 (S.D.W. Va. Feb. 22, 2021) ("[B]ecause Plaintiff was a pre-trial detainee at the time of these incidents, his harassment claim must be analyzed under the Due Process Clause of the Fourteenth Amendment, as opposed to the Cruel and Unusual Punishment Clause of the Eighth Amendment."), *report and recommendation adopted sub nom. Rush v. Douglas*, No. 2:18-CV-00364, 2021 WL 1050045 (S.D.W. Va. Mar. 19, 2021). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell*, 441 U.S. at 535.

"Included within the Due Process Clause protection from deprivations of life, liberty, and property is a pre-trial detainee's liberty interest to be free from unwanted sexual contact by prison officials." *Williams v. Clayton*, No. 9:23-CV-04663-DCC-MHC, 2025 WL 2582155, at *11 (D.S.C. June 12, 2025), *report and recommendation adopted as modified*, No. 9:23-CV04663-DCC, 2025 WL 2581923 (D.S.C. Sept. 5, 2025). But in the Fourteenth Amendment context, like in the Eighth Amendment context, "[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005)); *see also id.* (holding that inmate's claim that jail employee incited other inmates to attack him, without more, did not amount to a constitutional violation); *Martin v. Birkhead*, No. 1:24CV165, 2025 WL 1859277, at *10 (M.D.N.C. May 7, 2025) (jail employees' use of homophobic epithet toward detainee, standing alone, was insufficient to state a plausible constitutional claim), *report and recommendation adopted*, No. 1:24CV165, 2025 WL 1823082 (M.D.N.C. July 2, 2025); *Huffman v. Hall*, No. 7:24CV00565, 2024 WL 4919832, at *1 (W.D. Va. Nov. 29, 2024) (guard using homophobic slurs towards a transgender detainee, without more, did not amount to a constitutional claim); *Rush*, 2021 WL 1608345, at *4 (allegation of single incident of verbal harassment did not state a claim for violation of the Fourteenth Amendment). Because Plaintiff's allegations against Light consist only of a single harassing comment, he has not stated a plausible claim for relief under the Fourteenth Amendment.

### III.

For the reasons set forth above, Plaintiff cannot proceed with his claims against Officer Light and Officer Bowman, and Plaintiff's claims against them will be dismissed for failure to state a claim for which relief may be granted.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE